UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**HARRIUS JOHNSON,**

    Plaintiff(s),

v.

**MIAMI-DADE COUNTY,**

    Defendant.

_____/

## COMPLAINT

Plaintiff, HARRIUS JOHNSON, by and through the undersigned counsel, hereby sues Defendant, MIAMI-DADE COUNTY ("Defendant"), and in support thereof avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and Florida common law.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, MIAMI-DADE COUNTY, is a Florida municipality, conducting business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due and owing in Miami-Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendant as a non-exempt Police Sergeant.

9. Effective January 29, 2016, Plaintiff, after having worked for Defendant for approximately 22 years, was unlawfully terminated based on his race, and in retaliation for filing multiple charges of discrimination with the Equal Employment Opportunity Commission.[1]

10. Following his unlawful termination, Plaintiff was instructed by Defendant to pick up his final paycheck and payout on February 5, 2016.

11. Plaintiff's final paycheck covered his final two weeks of employment as well as a payout of approximately 324 hours of unused personal leave time.

12. Plaintiff's hourly rate was $43.73 per hour.

13. Prior to February 5, 2016, Defendant had prepared and issued Plaintiff's final paycheck (#0360794) in the gross amount $17,953.30, and in the net amount of $10,446.35, minus applicable taxes and deductions.

14. As Defendant had instructed, on February 5, 2016, Plaintiff appeared at 9105 NW 25th Street, Doral, Florida 33172 to pick up his final paycheck. Once Plaintiff arrived, however,

---

[1] Plaintiff presently has multiple charges of discrimination pending with the EEOC. Upon receipt of the necessary rights-to-sue, Plaintiff will pursue an appropriate action for his discrimination and retaliation claims.

Defendant refused to tender the paycheck to Plaintiff and advised that it had been returned to Defendant's payroll department.

15. Thereafter, Defendant prepared and issued a subsequent paycheck (#0068634) to Plaintiff in the net amount $246.86, after applicable taxes and deductions. Also, after Plaintiff filed additional EEOC charges against Defendant on or about February 2016, Defendant prepared two additional paychecks made out to Plaintiff in the amount of $2,557.64, dated March 22, 2016, paycheck (#0068981), as well as paycheck (#0069308) made out to Plaintiff in the amount of $700.19, dated April 8, 2016. Said paychecks, however, failed to compensate Plaintiff for all amounts due and owing.

16. As of the filing of this Complaint, Defendant remains owing Plaintiff compensation for wages and unused paid time off. Defendant's failure to pay Plaintiff is in retaliation for engaging in protected activity.

17. During the relevant time period, Plaintiffs worked in excess of forty (40) hours per week in a given workweek.

18. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked in excess of forty in a given work week.

19. Plaintiff was not paid at or above the applicable minimum wage rate for all hours worked.

20. Plaintiff was not paid at the proper overtime rate for all hours worked in excess of forty per week.

## COUNT I
### *FLSA Violation*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

22. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

23. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

24. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

25. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

26. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

27. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and overtime wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Unpaid Wages*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

29. Plaintiff performed work and provided services for Defendant as described above.

30. Defendant agreed to compensation Plaintiff for the work performed and the services provided.

31. As of the filing of this complaint, Defendant has failed to pay Plaintiff all compensation owed, including unpaid minimum wages, overtime wages, bonuses/commissions, and unused paid time off, in violation of the laws of the United States and the State of Florida.

32. Plaintiff has suffered, and continues to suffer, damages as a result of Defendant's failure to pay all compensation owed.

WHEREFORE, Plaintiff seeks damages from Defendant for unpaid wages, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT III
### *Quantum Meruit*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

34. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

35. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

36. Defendant accepted Plaintiff's services to Defendant.

37. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff all compensation owed, in violation of the laws of the United States and the State of Florida.

38. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### *Unjust Enrichment*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

40. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

41. Defendant have knowledge of the services performed and provided by Plaintiff.

42. Defendant voluntarily accepted the services performed and provided by Plaintiff.

43. Defendant unjustly benefits from the services performed and provided by Plaintiff by not properly paying Plaintiff all compensation owed, in violation of the laws of the United States and the State of Florida.

44. To the extent no adequate legal remedy exists, Plaintiff seeks damages for the value of the work performed to Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 5/10/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
agp@rgpattorneys.com
Rainier Regueiro, Esq.
Florida Bar No. 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005