UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-21658-KMW

**HARRIUS JOHNSON,**

    Plaintiff,

v.

**MIAMI-DADE COUNTY**,

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

    Plaintiff, HARRIUS JOHNSON ("Plaintiff"), hereby moves this Honorable Court for a partial judgment on the pleadings against Defendant, MIAMI-DADE COUNTY ("Defendant"). In support thereof, Plaintiff states as follows:

**INTRODUCTION**

    1. This is an action by Plaintiff for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and Florida common law; and an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"); and the Civil Rights Act of 1866, 42 U.S.C. §1983 ("§ 1983"), to redress injuries resulting from Defendant's unlawful race-based discriminatory and retaliatory treatment of Plaintiff.

    2. The operative complaint is Plaintiff's First Amended Complaint [ECF No. 18], filed on July 22, 2016. Initially in responses thereto, Defendant moved to dismiss Counts I through IV for various reasons. Ultimately, this Honorable Court entered an order denying Defendant's Motion

in its entirety with the narrow exception of Plaintiff's "claim for annual leave and holiday compensation" which were dismissed as arising separately under a collective bargaining agreement and, thus, subject to resolution by an arbitrator. *See* ECF No. 48.

3. Thereafter, Defendant timely filed its Answer and Affirmative Defenses [ECF No. 50] to the remaining claims. Therein, Defendant has admitted to many of the elements of Plaintiff's claims. As well, Defendant has raised numerous defenses that are insufficiently pled, were already addressed in the Court's ruling on the Motion to Dismiss, or can otherwise be resolved as a matter of law. Accordingly, judgment on the pleadings should be entered against Defendant on the issues as set forth and described fully herein.

## MEMORANDUM OF LAW

### A. Legal Standards For Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) directs that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustments, Inc.,* 140 F. 3d 1367, 1370 (11th Cir. 1998). A Rule 12(c) motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. Myspace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008); *see also Thunder Wave, Inc. v. Carnival Corp.,* 954 F. Supp. 1562, 1564 (S.D. Fla. 1997).

A court may consider documents attached to a motion for judgment on the pleadings without converting it into one for summary judgment so long as "the documents are (1) central to the plaintiffs claim and (2) their authenticity is not challenged." *Ramey v. Interstate Fire & Cas. Co.,* 32 F. Supp. 3d 1199, 1203 (S.D. Fla. 2013) (citing *Day v. Taylor,* 400 F.3d 1272, 1276

(11th Cir. 2005)). Notably, when considering the entire pleadings, a court "may take judicial notice of and consider documents which are public records." *Eisenberg v. City of Miami Beach,* 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014) (citation omitted).

> **B.    Plaintiff Is Entitled To Judgment In His Favor On Affirmative Defenses 1-5, 7, and 13-15 Because They Have Already Been Rejected By The Court In Denying Defendant's Motion To Dismiss The Amended Complaint**

Affirmative Defenses 1-5, 7, and 13-15 are all variations on the same theme that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. This Court, nevertheless, has already determined that Plaintiff has sufficiently alleged his claims. As mentioned previously, Defendant moved to dismiss Counts I through IV of the Amended Complaint for various reasons ultimately amounting to failure to state a claim. After the Motion was fully briefed, the Court entered an order denying Defendant's Motion in its entirety with the narrow exception of Plaintiff's "claim for annual leave and holiday compensation" which were dismissed as arising separately under a collective bargaining agreement and, thus, subject to resolution by an arbitrator. *See* ECF No. 48. With respect to Counts V through VIII—discrimination and retaliation under Title VII and the FCRA—it stands to reason that if Plaintiff has alleged sufficient facts to state claims for discrimination and retaliation under the high standards of § 1983, those same facts would similarly be sufficient to state the same claims under Title VII and the FCRA.

More specifically, the Court has already considered and determined that Plaintiff's claim for annual leave and holiday compensation concerned benefits derived from a collective bargaining agreement, and it thus dismissed those claims from this lawsuit. As such, Defendant's Second Affirmative Defense is moot. Similarly, the Fourth Affirmative Defense is also moot given that any compensation subject to the Alonso Ordinance is limited to those same claims that

the Court already dismissed. *See also* Miami-Dade County Code § 2-56.30 (referencing only "payment for accumulated sick or annual leave"). Likewise, the Third and Fifth Affirmative Defenses fail because, as the Court has already stated, "the County's tender of Johnson's final paycheck does not equate to full relief because it fails to include an offer of judgment… [and] also fails to account for Johnson's request for liquidated damages." ECF No. 48 p. 3.

Furthermore, regarding Affirmative Defenses 7 and 13-15, the Court has, again, already determined that Plaintiff has stated valid claims for discrimination and retaliation. Indeed, in denying Defendant's Motion to Dismiss, the Court stated that Plaintiff "has satisfied his burden of alleging facts to support a custom or practice of racial discrimination and retaliation." ECF No. 48 p. 8. The Court stated further that Plaintiff's "allegations are not mere conclusions. Rather, the allegations include specific facts that establish a municipal custom of discrimination and retaliation that is plausible on its face." In light of these established findings, Defendant has no basis for maintaining its position that Plaintiff has failed to state valid claims for discrimination and retaliation. Accordingly, judgment on these defenses should be entered in Plaintiff's favor.

### C. Plaintiff Is Entitled To Judgment In His Favor On Affirmative Defenses 8-12 Because The Allegations In The Amended Complaint, As Well As The Charges Of Discrimination Attached Thereto, Establish That Plaintiff Has Timely Satisfied All Requisite Conditions Precedent.

Affirmative Defenses 8-12 are all related to whether Plaintiff has complied with applicable conditions precedent including the exhaustion of administrative remedies. The Charges of Discrimination and corresponding Rights-to-Sue attached to the Amended Complaint, however, demonstrate that Plaintiff is entitled to judgment on these defenses.

The earliest instance of discrimination and retaliation alleged the Amended Complaint arise from events that occurred in July 2013. *See* ECF No. 18 ¶ 11. The Charge of Discrimination

which corresponds to these events and thereafter was filed with the EEOC on or about November 12, 2013—well within the necessary time limits under Title VII and the FCRA[1]. *See* ECF No. 18-1 p. 1. By the same token, the final acts of discrimination and retaliation alleged in the Amended Complaint occurred in February 2016 [ECF No. 18 ¶¶ 82-86] which correspond to the final Charge filed in that same month [ECF No. 18-1 pp. 48-61]. Accordingly, and in light of all the other Charges filed during this time period, Defendant simply has no basis to claim that Plaintiff has failed to timely and/or properly exhaust administrative remedies. The time and scope of all claims at issue in this lawsuit are more than sufficiently covered in the Charges of Discrimination that Plaintiff filed.

Similarly, the Rights-to-Sue corresponding to each Charge were issued by the U.S. Department of Justice on May 24, 2016 and received by Plaintiff shortly thereafter. *See* ECF No. 18-2 pp. 1-9. Plaintiff then filed his Amended Complaint to include these discrimination and retaliation claims on July 22, 2016—less than ninety days later—and well within the time periods proscribed by state and federal law. Also, with respect to Affirmative Defense 12, all of the allegations in the Amended Complaint occurred within the four-year statute of limitations that applies to claims under the FCRA. In light of these facts and evidence, Plaintiff is entitled to judgment in his favor on Affirmative Defenses 8-12.

---

[1] In Affirmative Defense 11, Defendant asserts that claims under the FCRA, or Fla. Stat. § 760.11(1), must "be filed within 300 days of the alleged violation." ECF No. 50 p. 12. This statement is contrary to the plain language of the statute which expressly states that aggrieved persons "may file a complaint with the commission within 365 days of the alleged violation." Fla. Stat. § 760.11(1).

### D. Plaintiff Is Entitled To Judgment In His Favor On the Remaining Affirmative Defenses for Various Reasons.

Plaintiff is entitled to judgment in his favor on Affirmative Defense 6 because Defendant has failed to articulate any good-faith or reasonable grounds for failing to pay Plaintiff the wages due in his last paycheck.

Plaintiff is entitled to judgment in his favor on Affirmative Defenses 16-17 because Defendant has failed to articulate any legitimate, non-discriminatory reason for suspending Plaintiff, terminating his employment, and failing to pay him his last paycheck. Similarly, Plaintiff is entitled to judgment in his favor on Affirmative Defense 18 because Defendant has failed to describe or otherwise adduce any after-acquired evidence that would have resulted in Plaintiff's termination notwithstanding the unlawful discrimination and retaliation. The deadline for discovery in this case has since expired, and Defendant has failed to produce any such evidence.

Plaintiff is entitled to judgment in his favor on Affirmative Defenses 21-22 because, unless a plaintiff is claiming special damages, he is not required to allege damages with specificity. Fed. R. Civ. P. 8(a)(3); Fed. R. Civ. P. 9(g). As well, Defendant does not appear to dispute that Plaintiff has alleged the requisite injury-in-fact for Article III standing purposes. Finally, damages is not a necessary element for any Count in which such damages are claimed. Although a court generally will not presume damages from a bare violation of a statutory or constitutional right, it may properly infer emotional distress from factual circumstances—and award damages to compensate for that distress. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 311, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). Alternatively, a court can grant at least nominal damages, which "are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury." *Id.* at 308 n.11. The Eleventh Circuit has also suggested

that nominal damages are available for some statutory violations. *Smith v. Allen*, 502 F.3d 1255, 1267 n.6 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011); *Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985); *see also Liberty Nat'l Ins. Holding Co. v. Charter Co.*, 734 F.2d 545, 560 nn.31-32 (11th Cir. 1984) (acknowledging that courts may imply damages remedies so long as the relief is "limited to the harm done"). In other words, Defendant cannot escape liability even if Plaintiff had not sufficiently stated a claim for damages. Plaintiff is thus entitled to judgment in his favor on Affirmative Defenses 21-22.

Finally, Plaintiff is entitled to judgment in his favor on Affirmative Defense 26 because Defendant's attempt to reserve the right to assert additional defenses has no practical effect. Defendant filed its Answer on April 17, 2017. ECF No. 50. The time for Defendant to amend as a matter of course thus expired twenty-one days later. *See* Fed. R. Civ. P. 15(a)(1)(A). Defendant's "reservation" is therefore meaningless because all other amendments would require Plaintiff's consent or leave of court. *See* Fed. R. Civ. P. 15(a)(1)(B). As of this date, Defendant has sought neither, and the time for it to do so has long since expired. Accordingly, Plaintiff is entitled to judgment in his favor on this defense.

WHEREFORE, Plaintiff respectfully requests this Honorable Court **GRANT** the instant Motion for Judgment on the Pleadings as set forth above.

Dated: 8/24/17

Respectfully submitted,

*[signature]*

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Rainier Regueiro, Esq.**
Florida Bar No. 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 8/24/17 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Marlon D. Moffett, Esq.**
mdm2@miamidade.gov
**Javier Zapata, Esq.**
jzapata@miamidade.gov
Miami-Dade County Attorney's Office
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Phone: (305) 375-2995
Fax: (305) 375-5611

*[signature]*

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Rainier Regueiro, Esq.**
Florida Bar No. 115578
rregueiro@rgpattorneys.com